DIANTHA H. WOODSIDE *vs.* OWEN HOWARD & others.

Cumberland. Opinion February 6, 1879.

*Trespass. Justification. Evidence.*

Where the parties are at issue upon the question of possession, whether in the husband or in the wife, they living together as such, evidence of acts of the officer, under a writ of possession against the husband, is admissible in an action of trespass by the wife against the officer for removing her from the premises described in his process.

Where plaintiff claimed possession by virtue of a parol license from defendant's grantor, the deed of said grantor to defendant is admissible to rebut the license.

No right to impeach a deed, on the ground that it is fraudulent as to creditors, is given one who claims no title, but only a parol license to enter and occupy from the grantor, and this made after execution of his deed.

ON EXCEPTIONS.

ACTION OF TRESPASS to land, and assault and battery. Writ dated October 1, A. D. 1877.

The writ contains three counts, one for breaking and entering the plaintiff's close and assaulting her, another for breaking the plaintiff's dwelling-house and assaulting her; the two first counts for putting her household stuff from said house. Another for assault and battery, etc. The close was described by metes and bounds in the writ, and the said dwelling-house was upon it.

To maintain her possession and right of possession, the plaintiff testified that she was in possession of the premises described in her writ at the time of the alleged assault, by virtue of a license and permission in unwritten words from one John H. Woodside, about the first of September, 1875, the said alleged assault having been in October of the same year, if committed.

The defendants, Owen Howard, Albert Potter and George W. Wagg, filed separate pleas of not guilty; the said Potter justifying by virtue of a writ of possession in an action of forcible entry and detainer issued from the municipal court for the town of Brunswick, for the possession of the said premises, in favor of the said George W. Wagg against one James Woodside, the plaintiff's husband, who with her lived on the premises when the alleged trespass was done, (there being evidence tending to show that the personal property, consisting of furniture and household stuff, in said house, was the plaintiff's property) said Potter justifying as a constable of Brunswick, and by virtue of said precept in favor of said Wagg against said James Woodside, and said Howard as aid to said Potter.

The plaintiff objected to the admissibility of said precept as justification of the defendants, or as evidence against her in this action; but the justice presiding admitted it as evidence for the defendants against the plaintiff's objection.

The defendants also offered a deed of warranty of the premises described in the plaintiff's writ from the said John H. Woodside to the said George W. Wagg, dated August 9, 1875, to the admission of which the plaintiff objected, but the justice presiding admitted it to be read in evidence.

The plaintiff offered to show a record of a judgment of this court, rendered in an action tried at the April term, 1877, wherein this plaintiff was plaintiff, and this defendant Wagg was defendant, wherein it was alleged and decided that the said conveyance from said John H. Woodside to the said George W. Wagg was made in fraud of this plaintiff to cheat and defraud her out of a debt justly due the plaintiff from the said John H. Woodside at the time when said conveyance was made, but the presiding justice rejected the same, and disallowed it as evidence.

Said record was of an action brought under R. S., c. 113, § 51, against said Wagg alone; and the judgment rendered in favor of the plaintiff in said action had been fully satisfied and paid before the commencement of the present suit.

Verdict was for defendants.

To which rulings, admitting the said evidence objected to and rejecting the said evidence offered, the plaintiff excepted.

*H. Orr*, for the plaintiff.

*W. Thompson*, for the defendants.

LIBBEY, J.   This is trespass *quare clausum*.   The plaintiff is the wife of James Woodside, and was living with him upon the premises upon which the defendants entered and committed the alleged acts of trespass.   She claimed that she was in the possession and occupation of the premises in her own right, under a parol license from John H. Woodside, given about the first of September, 1875.   The defendants claimed that James Woodside, her husband, was in the possession and occupation of the premises.

The defendant Potter justified the alleged trespass as constable of Brunswick, in the execution of a writ of possession issued by the municipal court for the town of Brunswick, in a process of forcible entry and detainer, in favor of the defendant Wagg and against said James Woodside ; and the defendant Howard justified as aid of said Potter.   The defendant Wagg justified the alleged trespass on the ground that the acts done by him were done in receiving possession of the premises from said officer, in the excution of said process.

The plaintiff excepts to the admission in evidence of the writ of possession, on the ground that she was not a party to the judgment on which it was issued, and her right could in no way be affected by it.   But the parties were at issue upon the question whether the possession of the premises was in her or her husband. If the husband was in possession, and she was living with him as his wife, then, unquestionably, the judgment against him for the possession of the premises would be conclusive against her, and the officer in executing the writ might remove her and her goods with her husband.   This being the position of the parties, the writ was admissible ; and, in the absence of anything to the contrary, we must assume that the court gave to the jury proper instructions as to its legal effect as a justification.

The plaintiff also excepts to the admission of the deed of the premises from John H. Woodside to the defendant Wagg, dated

August 9, 1875. The plaintiff claimed the possession of the premises, as against Wagg, by parol license from said Woodside, given to her about the first of September, 1875. The deed was clearly admissible to show that Woodside could give the plaintiff no rights in said premises, as against Wagg, at the time of her alleged license.

Exception is also taken to the exclusion of the record of the judgment in favor of the plaintiff against said Wagg, in an action under the statute for fraudulently aiding said John H. Woodside in concealing his property from her as a creditor, by taking the deed aforesaid.

The plaintiff claimed no title under said Woodside which gave her the right to impeach the deed. A parol license from Woodside to her, after he gave the deed, to enter upon and occupy the premises, gave her no right to impeach the deed, on the ground that it was fraudulent as against Woodside's creditors. The record was properly excluded.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS and VIRGIN, JJ., concurred.